# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:08-cv-01463-RPM-MJW

EPC CORPORATION, an Arizona corporation, and
DENNIS C. SHAW, an individual;

       Plaintiffs,

vs.

JAMES G. KREUTZER, an individual;
HERMOSA PARK, LLC, a Colorado limited liability company;
CHARLES SHAFER, II, an individual;
MICHAEL MCQUINN, an individual;
MICHAEL MCQUINN AS TRUSTEE FOR THE MICHAEL MCQUINN PROFIT
SHARING PLAN;
BARRY MASON, an individual;
BRANDON ROPP, an individual;
BRET MASON, an individual;
DANIEL WANSTRATH, an individual;
DIANE ORRELL-LOPEZ, an individual;
DYLAN NORTON, an individual;
JACKIE ONEY and TONY ONEY, husband and wife;
JANET L. PETTIGREW AS TRUSTEE OF THE JANET L. PETTIGREW
REVOCABLE TRUST DATED FEBRUARY 27, 2006;
LESLIE R. FARRELL, an individual;
LOIS CARPENTER, an individual;
MATTHEW SPOWART, an individual;
MCKOWN AND MCKOWN, LLC, a Colorado limited liability company;
MREI, LLC, an Alaska limited liability company;
R. KEN CARPENTER, an individual;
ROBERT WALLACE, an individual;
RONALD W. PETTIGREW AS TRUSTEE OF THE RONALD W. PETTIGREW
REVOCABLE TRUST DATED FEBRUARY 27, 2006;
ROYAL LILLGE, an individual;
SULTANA INVESTMENT LIMITED PARTNERSHIP, an Alaska limited partnership;
THOMAS L. GRAMS, an individual;
THOMAS A. ST.OURS, an individual; and
WILLIAM PEASE FAMILY LIMITED PARTNERSHIP, an Alaska limited partnership,

       Defendants.

_____

## RECOMMENDATION REGARDING PLAINTIFFS' MOTION FOR JUDGMENT BY DEFAULT AGAINST DEFENDANT HERMOSA PARK, LLC (DOCKET NO. 46)
_____

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter was before the court for hearing on January 30, 2009, on Plaintiffs' Motion for Judgment by Default against Defendant Hermosa Park, LLC (docket no. 46). The court has considered the subject motion (docket no. 46), the Partial Objection by the 24 Defendants (docket no. 79), and the reply (docket no. 80). In addition, the court has considered the testimony and credibility of Dennis Shaw and Plaintiffs' exhibits 3, 6, and 7 that were admitted into evidence. Furthermore, the court has considered the oral factual stipulation of the parties that was made an Order of Court. The parties stipulated that James G. Kreutzer (Mr. Kreutzer) signed Plaintiffs' exhibit 6 in his capacity as manager for Defendant Hermosa Park, LLC. In addition, the court has considered applicable Federal Rules of Civil Procedure and case law. Lastly, the court has considered oral argument presented by the parties. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1.    That I have jurisdiction over the parties to this lawsuit and over plaintiffs' claims against defendant Hermosa Park LLC, a Colorado limited liability company ("Hermosa Park"), pursuant to 28 U.S.C. § 1332(a)(1);

2.    That venue is proper in the state and District of Colorado;

3.    That each party has been given a fair and adequate opportunity to be heard;

4.    That plaintiffs commenced this action on July 11, 2008, with the filing of their Complaint (docket no. 1);

5.  That Hermosa Park is not an infant, nor an incompetent person, nor a person subject to military service, nor an officer or agency of the state of Colorado;

6.  That Hermosa Park accepted service of process of plaintiffs' Complaint on or about July 24, 2008. (docket no. 7). That pursuant to Fed. R. Civ. P. 12(a), Hermosa Park's responsive pleading was due on or about September 22, 2008;

7.  That pursuant to a stipulation and minute order dated September 25, 2008, the deadline for Hermosa Park's responsive pleading was extended to and including October 6, 2008. *See* docket no. 28;

8.  That Hermosa Park has failed to answer or otherwise respond to the Complaint, and the time for Hermosa Park to file its answer or responsive pleading has long since passed;

9.  That on or about November 18, 2008, plaintiffs applied to the Clerk of Court for entry of default against Hermosa Park for failure to plead, answer, or otherwise defend, pursuant to Fed. R. Civ. P. 55(a)*. See* docket no. 40;

10. That on or about November 24, 2008, the Clerk of Court entered a Clerk's default against Hermosa Park as to Plaintiffs' Complaint. *See* docket no. 42;

11. That Rule Fed. R. Civ. P. 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Once this has occurred, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). The Clerk's

entry of default causes well-pleaded allegations of facts to be deemed admitted.  See Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987). In this case, plaintiffs are not seeking damages against defendant Hermosa Park.  Instead, plaintiffs only seek default judgment relating to Claim One in their Complaint for Fraud in the Factum;

12.  That plaintiff Dennis Shaw ("Shaw") is the president of plaintiff EPC Corporation ("EPC"), which is an Arizona corporation;

13.  That in or about May and early June 2007, Shaw on behalf of EPC was negotiating the terms of a construction contract with defendants Kreutzer and Hermosa Park, as concerns 13 residential lots for the Cove subdivision in Durango, Colorado (the "Construction Contract");

14.  That plaintiffs drafted the initial draft of the Construction Contract documents (the "Draft Contract") utilizing American Institute of Architects ("AIA") standard form documents, A101 Standard Form of Agreement Between Owner and Contractor and A201 General Conditions of the Contract for Construction (the "General Conditions"), which are industry standard construction contracts between an owner and a contractor;

15.  That on or about June 5, 2007, during the negotiations between plaintiffs and Hermosa Park, Mr. Kyle J. Majchrowski ("Majchrowski"), a representative and agent for Hermosa Park, informed plaintiffs that Hermosa Park had made minor changes to the Draft Contract, stating that minor changes were made solely as to paragraphs 4.1 and 4.3 of the Draft Contract;

16.  That plaintiffs relied on Majchrowski's representation with regard to the changes and executed the revised contract.  *See* plaintiff's exhibit 6;

17.  That only after having executed the revised contract and the guarantee on the Promissory Note did plaintiffs discover that two entire sections of the Draft Contract, Article 5 – Payments and Article 7 – Enumeration of Contract Documents, had been deleted;

18.  That Article 5 – Payments, detailed how progress and final payments would be handled and paid under the contract, and Article 7 – Enumeration of Contract Documents, detailed the additional documents that constitute the entire agreement between the owner, Defendants Kreutzer and Hermosa Park, and the contractor, Plaintiff EPC;

19.  That Article 7 also incorporated the General Conditions of the contract, which contain detailed instructions on how the work would be performed, how to handle changes in the work, how to handle disputes between the parties, and further payment details, just to name a few of the material terms contained within the General Conditions;

20.  That if plaintiffs had known that Articles 5 and 7 had been deleted from the revised Draft Contract (plaintiffs' exhibit 6), plaintiff EPC would not have executed such contract.  Plaintiff Shaw testified that he took Mr. Majchrowski's representation at face value and accordingly, he (Mr. Shaw) did not bother to read the revised Draft Contract (plaintiffs' exhibit 6) thoroughly before signing it on behalf of plaintiff EPC since he believed that only those two minor changes to paragraphs 4.1 and 4.3 were being made as agreed to by the parties;

21.  That Hermosa Park procured plaintiffs' signature to the revised Draft Contract (plaintiffs' exhibit 6)  without plaintiffs' knowledge of its true contents;

22.   That plaintiffs were fraudulently deceived about the nature of the revised Draft Contract (plaintiffs' exhibit 6) and were excusably ignorant about what had been signed;

23.   That "[f]raud in the factum, also called fraud in the execution, occurs if a person has been fraudulently deceived about the nature of a document, so that he or she is excusably ignorant about what has been signed." New Horizons Elec., Inc. v. IFC Credit Corp., 2008 WL 4821327, at *7 (Colo.App.,2008) (citing Svanidze v. Kirkendall, 169 P.3d 262, 266 (Colo. App.2007); Meyers v. Johanningmeier, 735 P.2d 206, 207 (Colo. App.1987));

24.   That "[f]raud in the factum makes a contract void, not merely voidable. . . . [and] is distinct from fraud in the inducement, which makes a contract voidable." Id. (citing Svanidze, 169 P.3d at 266; Kerns v. Bank of Manitou, 125 Colo. 320, 323, 242 P.2d 817, 818 (1952));

25.   That plaintiffs have properly alleged fraud in the factum against defendant Hermosa Park;

26.   That plaintiffs have demonstrated and established that they were fraudulently deceived about the nature and contents of the revised Draft Contract (plaintiffs' exhibit 6) and were excusably ignorant about what had been signed;

27.   That plaintiffs' signature on the revised Draft Contract (plaintiffs' exhibit 6) is therefore ineffective, and the Draft Contract (plaintiffs' exhibit 6) is thus void; and

28.   That upon review of Frow v. DeLaVega, 82 U.S. 552 (1872); Haines v. Fisher, 82 F.3d 1503 (10th Cir. 1996); Hunt v. Inter-Globe Energy, Inc., 770

F2d 145 (10th Cir. 1985); and <u>In re Uranium Antitrust Litigation</u>, 617 F.2d
1248 (7th Cir. 1980), and substantially for the reasons stated in the
plaintiff's Reply (docket no. 80), there is no prejudice as a result of this
ruling to the group of 24 defendants (all defendants except James G.
Kreutzer and Hermosa Park, LLC) who filed a partial objection, noting that
the issue now before the court is very limited and concerns only the
plaintiffs and defendant Hermosa Park, LLC, and that the court is not
making any determination as to damages and instead is merely finding
that the revised Draft Contract (plaintiffs' exhibit 6) is void.  The 24
defendants were not parties to that contract and are not defendants in
Count One of the Amended Complaint.

## RECOMMENDATION

**WHEREFORE**, based upon these findings of fact and conclusions of law, it is
hereby

**RECOMMENDED** that Judgment shall be entered in favor of plaintiffs EPC
Corporation, an Arizona corporation and Dennis C. Shaw, an individual and against
defendant Hermosa Park, LLC, a Colorado limited liability company as follows:

1.   That judgment by default shall enter in favor of plaintiffs EPC Corporation,
     an Arizona corporation and Dennis C. Shaw, an individual and against
     defendant Hermosa Park, LLC, a Colorado limited liability company on the
     First Claim for Relief, Fraud in the Factum only;

2.   That the revised Draft Contract [Contraction Contract](plaintiffs' exhibit 6)
     between plaintiffs EPC Corporation, an Arizona corporation and defendant
     Hermosa Park, LLC, a Colorado limited liability company is declared void
     *ab initio*; and,

3.      That an award to plaintiffs of their costs, be taxed by the Clerk of Court

pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Done this 6th day of February, 2009.          BY THE COURT

                                                S/ Michael J. Watanabe
                                                MICHAEL J. WATANABE
                                                U.S. MAGISTRATE JUDGE